1

2

3

4

5

6                              IN THE DISTRICT COURT OF GUAM

7

8    FEDOR SIMANOV,                          )        CIVIL CASE NO. 19-00147
                                             )
9              Plaintiff,                     )
                                             )            **ORDER**
10        vs.                                 )   1.  Denying Plaintiff's Motion to
                                             )       Disqualify Counsel (ECF No. 24);
11   PRESS AGENCIES: GUAM PDN, KUAM,          )   2.  Granting Request for Judicial Notice
     PNC GUAM,                                )       (ECF No. 17);
12                                            )   3.  Granting Motions to Dismiss (ECF
               Defendants.                    )       Nos. 9, 13 and 32); and
13                                            )   4.  Denying Plaintiff's Motions (ECF
                                             )       Nos. 25-26)
14

15        There are several motions pending in this action[1] brought by the Plaintiff against various

16   media outlets for alleged slander and other claims brought under various federal statutes and treaties.

17   Having reviewed the record, the court finds that oral argument on the motions is unnecessary, and

18   accordingly, this Order is issued with regard to said motions.

19   _____

20        [1] These motions are:

21        •  Motion to Dismiss Complaint with a Memorandum in Support (ECF Nos. 9-10), filed
             by Defendant Sorensen Media Group, Inc., d.b.a. Sorensen Media Group a.k.a. PNC
22           ("PNC");

23        •  a Memorandum in Support of Motion to Dismiss Complaint (ECF No. 13), filed by
             Defendant Guam PDN ("PDN");
24
          •  Motion to Dismiss with a Memorandum in Support (ECF Nos. 32 and 15 respectively),
25           filed by Defendant Pacific Telestations, LLC d.b.a. KUAM News ("KUAM");

          •  Request for Judicial Notice (ECF No. 17), filed by KUAM;
26
          •  Motion for Dismissal of the Defendant's Lawyer (the "Motion to Disqualify Counsel")
27           (ECF No. 24), filed by the Plaintiff;

          •  Motion to Remedy Procedural Violations (ECF No. 25), filed by the Plaintiff; and
28
          •  Motion on Bringing the Defendant to Responsibility for False Testimony (ECF No. 26),
             filed by the Plaintiff.

# BACKGROUND

On November 8, 2019, the Plaintiff, who is proceeding *pro se*, filed his Complaint initiating the instant action. *See* Compl., ECF No. 1. The 34-page Complaint consists of the following:

- the a "Pro Se 1 Complaint for a Civil Case" form (the "Pro Se 1 Form), *id.* at 1-5,[2]
- 16 pages written in a language other than English, *id.* at 6-21,
- 10 pages of what appear to be photographs or screen shots of various news reports, *id.* at 22-29 and 33-34,
- a Statement addressed to the Hagatna Precinct Command consisting of one page, *id.* at 30,[3]
- a one-page "Petition About judicial translation application," *id.* at 31,[4] and
- a "Petition About Securing a claim" consisting of one page, *id.* at 32.[5]

With regard to the basis for jurisdiction on the Pro Se 1 Form, the Plaintiff marked the boxes labeled "Federal question." *Id.* at 3. Plaintiff then listed the following when asked to specify the federal statutes, treaties or constitutional provisions at issue in this case: "International Covenant on Civil and Political Rights, American Convention on Human Rights, The Personal Data Privacy and Security Act of 2009, HIPAA, ADA [and the] Privacy Act." *Id.* In Section III of the Pro Se 1 Form, which instructs the Plaintiff to "[w]rite a short and plan statement of the claim," the Plaintiff wrote:

---

[2] Because the Plaintiff's Complaint is not consecutively paginated, citations to the Complaint will reference the page numbers assigned by the electronic case filing system.

[3] This Statement discusses an alleged harassment incident that occurred on October 28, and the Plaintiff requests that the offender be identified and that a criminal case be pursued. *Id.*

[4] This Petition appears to request that the court translate his "Statement of Claim" – which the court assumes is the 16 pages appended to the Complaint in a language other than English – into English because of "the gross distortion by the press of the English-language materials of [his] claim of October 21[.]" *Id.*

[5] This Petition asserts that the Plaintiff has been "harassed by marginals (sic) who have read false and unscrupulous publications copied from [his] statement of October 21," and he thus requests the court to "block publications against which his Statement of Claim is directed[,] . . . ensure the confidentiality of the process [and] . . . prohibit the publication of any materials of [his] Statement of Claim." *Id.*

On October 21-22, these agencies published lies taken out of context and slander, addressed to my words while disclosing personal data – copied from my statement of claim. In the period from October 21-25, a number of articles were published demonstrating the unlawful malevolent attitude of defendants towards repelling me. 1) Slander. Misrepresentation of the facts of the applicant as a participant in the trial. Distortion of the essence of the statement and concealment of the subject of the claim, in an effort to influence the trial. 2) inciting ethnic hatred, racial hatred and calls for the segregation of a national minority. 3) publication of information about the refugee, facts of refugee and circumstances of the petition. 4) call for discriminan of refugees. 5) call for discrimination[.]

*Id.* at 4.

Finally, in setting out the relief sought in section IV of the Pro Se 1 Form, the Plaintiff wrote:

500,00 five thousand dollars USA

1. Non-pecuniary damage
2. Physical damage caused by moral suffering in the presence of a life-threatening genetic disease that the defendants knew about
3. Medical bills related to poor health due to excitement
4. Security costs as an asylum seeker [and]
5. The cost of family safety[.]

*Id.*

The Plaintiff's claims as written in English are not clearly alleged, but from what the court can discern, it appears that the Plaintiff has brought this action against various news outlets after they published articles about another lawsuit brought by the Plaintiff in this court against Kamalen Karidat, a local organization operated by the Archdiocese of Agana as a "Ministry to the Homeless." *See Fedor Simanov v. Kamalen Karidat,* Civil Case No. 19-00143 (the "Kamalen Karidat Action").

On February 19, 2020, Defendants PNC, PDN and KUAM (collectively, the "Defendants") thereafter filed their respective motions to dismiss. *See* ECF Nos. 9, 13 and 32.[6] KUAM also filed a Request for Judicial Notice. *See* ECF No. 17. These motions primarily seek dismissal of the Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Plaintiff subsequently filed responses to these motions. *See* ECF Nos. 27-29 and 34.

Additionally, on March 11, 2020, the Plaintiff filed (1) a Motion to Disqualify Counsel, (2) a

---

[6]  KUAM's Motion to Dismiss (ECF No. 32) was filed on March 19, 2020, but it's Memorandum in Support (ECF No. 15) was filed earlier on February 19, 2020.

1   Motion to Remedy Procedural Violations and (3) a Motion on Bringing the Defendant to

2   Responsibility for False Testimony.  *See* ECF Nos. 24-26.

3                                          **ANALYSIS**

4   **1.     Plaintiff's Motion to Disqualify Counsel**

5           Before the court address the merits of the motions to dismiss, the court first addresses the

6   Plaintiff's request to "dismiss" Randall Todd Thompson as counsel for PNC.  *See* Mot. Disqualify

7   Counsel, ECF No. 24.  The Plaintiff alleges  that disqualification is warranted "because of his

8   interest in the process 19/00143[7] related to this process, which is insulting and inappropriately

9   unprofessional rhetoric."  *Id.* at 1.

10          Legal Standard

11          Rule 7 of the Federal Rules of Civil Procedure require that a motion "state with particularity

12  the grounds for seeking the order."  Fed. R. Civ. P. 7(b)(1)(B).  Additionally CVLR 7 of the court's

13  Local Rules of Practice for the District Court of Guam states that "[e]ach motion . . . shall be

14  accompanied by a memorandum of points and authorities[.]"  CVLR 7(b).

15          Furthermore, the court is mindful that because motions to disqualify are often tactically

16  motivated and can be disruptive to the litigation process, disqualification motions are generally

17  disfavored and imposed only when absolutely necessary.  *See Optyl Eyewear Fashion Int'l Corp.*

18  *v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal citations omitted) (explaining that

19  court should subject such motions to "particularly strict judicial scrutiny").  "The moving party,

20  therefore, carries a heavy burden and must satisfy a high standard of proof."  *Kelly v. Roker*, No. 11-

21  05822 JSW, 2012 WL 851558, at *2 (N.D. Cal. Mar. 13, 2012) (citing *Evans v. Artek Sys. Corp.*,

22  715 F.2d 788, 791 (2d Cir. 1983)).

23          Discussion

24          Here, the Plaintiff's Motion to Disqualify Counsel fails to provide any legal grounds or

25  authority for his request as required by federal Rule 7 and CVLR 7(b). Aside from the sparse

26

27  _____

28          [7] The court suspects that "19/00143" is a reference to the Kamalen Karidat Action, with civil
    case number 19-00143.

1  statement quoted above, the Plaintiff attached a print out of a dictionary definition of the word

2  "prejudice" and an "Advisory opinion on the rules of confidentiality regarding asylum information"

3  which appears to be published by the United Nations High Commission for Refugees, consisting of

4  eight pages.  The motion contains no other discussion or declaration as to the relevance of these

5  documents. The Plaintiff's fails to meet his heavy burden of proving that disqualification of opposing

6  counsel is warranted.  Accordingly, the court denies the Plaintiff's motion to disqualify counsel for

7  PNC.

8  **2.**    **KUAM's Request for Judicial Notice**

9         KUAM requests that the court take judicial notice of the complaint filed in the Kamalen

10  Karidat Action.  Req. Judicial Notice, ECF No. 17.  KUAM asserts that the court may properly take

11  judicial notice of said complaint since it is a matter of public record and is not subject to reasonable

12  dispute.  *Id.* at 2.

13         Legal Standard

14         In ruling upon a motion to dismiss, the court may consider matters which may be judicially

15  noticed pursuant to Rule 201 of the Federal Rules of Evidence.  *See Mir v. Little Co. of Mary*

16  *Hospital*, 844 F.2d 646, 649 (9th Cir.1988).  Rule 201 permits a court to take judicial notice of "a

17  fact that is not subject to reasonable dispute" because the fact is either "generally known within the

18  trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose

19  accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The court may take judicial notice

20  of matters of public record, such as pleadings in another action and records and reports of

21  administrative bodies.  *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir.1988).

22         Discussion

23         KUAM asks the court to take judicial notice of the complaint filed in the Kamalen Karidat

24  Action, a case separate but related to the instant case.  That complaint is a public record not subject

25  to reasonable dispute.  Accordingly, the court grants KUAM's request for judicial notice and will

26  consider the complaint for purposes of the Motion to Dismiss filed by KUAM.

27  **3.**    **Defendants' Motions to Dismiss**

28         Defendants PNC, PDN and KUAM have filed separate motions to dismiss, and each raises

1    similar issues.  *See* Mots. Dismiss, ECF Nos. 9, 13 and 32.  These motions primarily rely on

2    Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, and thus the court begins its

3    analysis by setting forth the legal standard required by each rule.

4         Legal Standard

5         "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies

6    outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994).

7    "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of

8    subject matter jurisdiction." *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

9         "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v.*

10   *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack "asserts that the lack of subject matter

11   jurisdiction is apparent from the face of the complaint." *Id.*  In a facial attack, the court considers

12   the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when

13   a Rule 12(b)(6) motion is made." *Doe v. Schachter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992).  A factual

14   attack, on the other hand, is often referred to as a "speaking motion" and challenges the truth of the

15   allegations in the complaint that give rise to federal jurisdiction and the court does not presume those

16   factual allegations to be true. *Thornhill Pub. Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733

17   (9th Cir. 1979).  When ruling on such a motion, the court is not "restricted to the face of the

18   pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes

19   concerning the existence of jurisdiction. *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir.

20   1988).

21        A defendant is entitled to dismissal under Rule 12(b)(6) when a complaint fails to state a

22   cognizable legal theory or alleges insufficient facts under a cognizable legal theory. *Somers v. Apple,*

23   *Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  The Ninth Circuit has explained that the purpose of a Rule

24   12(b)(6) motion is to test a complaint's legal sufficiency. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720

25   F.2d 578, 571 (9th Cir. 1963).  Generally, the plaintiff's burden at this stage is light since Rule 8(a)

26   requires only that a complaint "shall contain . . . a short and plain statement of the claim showing

27   that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "All allegations of material fact are taken

28   as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State*

1 *Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). The court may dismiss based on lack of cognizable

2 legal theory or on the absence of facts that would support a cognizable theory. *Balistreri v. Pacifica*

3 *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). And, while the plaintiff's burden is light, it is not

4 nonexistent – the complaint must "contain either direct or inferential allegations respecting all the

5 material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v.*

6 *Twombly*, 550 U.S. 544, 562 (2007) (internal quotation marks omitted). "To survive a motion to

7 dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

8 that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S.

9 at 570) (internal quotation marks omitted). A claim is facially plausible if "the plaintiff pleads

10 factual content that allows the court to draw the reasonable inference that the defendant is liable for

11 the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The court must "draw on

12 its judicial experience and common sense" to determine the plausibility of a claim given the specific

13 context of each case. *Id.* at 679.

14        <u>Discussion</u>

15        The Complaint asserts that this court has federal question jurisdiction, which exists if this

16 action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The

17 Defendants argue that the Complaint does not set forth sufficient facts on its face – the "who, what,

18 where, when or why" details – to invoke federal question jurisdiction.

19        The court concurs with the Defendants. From the portions of the Complaint written in the

20 English language, the Plaintiff alleges that on "October 21-22 [no year given]" the Defendants

21 "published lies taken out of context and slander." Compl. at 4, ECF No. 1. The Plaintiff fails to

22 identify what were the specific "published lies," what did the Defendants "take[] out of context" and

23 what specific statements of the Defendants constitute "slander." The Plaintiff also asserts that the

24 Defendants "disclosed personal data" that was "copied from [his] statement of claim," *id.*, which the

25 court construes to mean that the Defendants published information taken from the Complaint he filed

26 in the Kamalen Karidat Action. Again, the Plaintiff fails to specifically describe what was this

27 "personal data" that was disclosed. Additionally, the Plaintiff's Complaint states that "from

28 October 21-25, a number of articles were published demonstrating the unlawful malevolent attitude

1  of defendants towards repelling [him]." *Id.* But none of these assertions or the other statements the

2  Plaintiff sets forth in Section III of the Pro Se 1 Form indicate how any of the federal statutes or

3  treaties asserted in the Complaint were violated.

4        While the Complaint references the International Covenant on Civil and Political Rights or

5  the American Convention on Human Rights, *id.* at 3, mere recitation of these treaties is insufficient

6  to meet the Plaintiff's burden to establish that federal question jurisdiction does in fact exist.  The

7  Plaintiff does not identify what specific provisions of these treaties are applicable to his claims or

8  causes of action.

9        Moreover, the Ninth Circuit has stated that the International Covenant on Civil and Political

10  Rights was ratified "on the express understanding that it was not self-executing and so did not itself

11  create obligations enforceable in the federal courts." *Serra v. Lappin*, 600 F.3d 1191, 1197 (9th Cir.

12  2010) (quoting *Sosa v. Alvarez–Machain*, 542 U.S. 692, 735 (2004)).  As for the American

13  Convention on Human Rights, "the United States has signed the [c]onvention, but has not ratified

14  it. And of course an unratified treaty has no biding effect within the [United States]." *Mitchell v.*

15  *United States*, No. CR0101062001PCTDGC, 2020 WL 4921988, at \*5 (D. Ariz. Aug. 21, 2020),

16  *certificate of appealability denied*, 971 F.3d 1081 (9th Cir. 2020) (citations omitted).  The Plaintiff

17  has not shown that these treaties provide him with a private right of action and accordingly present

18  no federal question for this court to address.  Any claim the Plaintiff asserts under either treaty is

19  hereby dismissed with prejudice.

20        The Plaintiff also cites to the Personal Data Privacy and Security Act of 2009 as a basis for

21  this court's federal question jurisdiction.  As noted by KUAM, however, the Personal Data Privacy

22  and Security Act of 2009 was proposed in Senate Bill 1490, but it was never enacted into law.  *See*

23  https://www.congress.gov/bill/111th-congress/senate-bill/1490/all-actions?q=%7B%22search%2

24  2%3A%5B%22s1490%22%5D%7D&s=3&r=6&overview=closed#tabs (last visited Sept. 29, 2020).

25  Accordingly, the Plaintiff can not assert a cause of action under this supposed "law" and any such

26  claim is dismissed with prejudice.

27        Next, the Plaintiff relies upon "HIPAA" – the commonly used acronym for the Health

28  Insurance Portability and Accountability Act – to assert federal question jurisdiction.  The Ninth

1    Circuit, however, has stated that "HIPAA itself provides no private right of action." *Seaton v.*

2    *Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) (quoting *Webb v. Smart Document Sols., LLC*, 499 F.3d

3    1078, 1081 (9th Cir. 2007). Because the Plaintiff has no private right of action under HIPAA, the

4    court does not have subject matter jurisdiction over any such claim, and it must be dismissed with

5    prejudice.

6           The Complaint next cites to the "ADA" – the commonly used acronym for the Americans

7    with Disability Act, 42 U.S.C. § 12131 *et seq.* – as a basis for federal question jurisdiction. Again,

8    the Complaint lacks specifics and does not identify which particular provisions of the ADA the

9    Defendants are alleged to have violated.

10          Title II of the ADA prohibits discrimination on the basis of a disability in the programs,

11   services or activities of a public entity. Federal regulations require a public entity to "make

12   reasonable modifications in policies, practices, or procedures when the modifications are necessary

13   to avoid discrimination on the basis of disability, unless the public entity can demonstrate that

14   making the modifications would fundamentally alter the nature of the service, program or activity."

15   28 C.F.R. § 35.130(b)(7). The elements of a cause of action under Title II of the ADA are: (1) the

16   plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or

17   receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was

18   either excluded from participation in or denied the benefits of the public entity's services, programs

19   or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion,

20   denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*,

21   295 F.3d 890, 895 (9th Cir. 2002). The Plaintiff's Complaint fails to allege any facts to support the

22   existence of any of these elements.[8] Accordingly, the court finds that the Plaintiff's Complaint, on

23   its face, fails to properly assert a claim under the ADA.

24          Finally, the Plaintiff's Complaint lists the "Privacy Act" as providing this court with federal

25   question jurisdiction over his claims.

26

27          [8] Subsequent filings by the Plaintiff allege he is disabled, and he identifies his disability, but
     said fact is conspicuously absent from the Section III of the Pro Se 1 Form of the Complaint, which
28   is also devoid of any of the other elements necessary to assert an ADA cause of action.

1
2
3

> The Privacy Act was designed to "protect the privacy of individuals" through regulation of the "collection, maintenance, use, and dissemination of information" by federal agencies. 5 U.S.C. § 552a note. It provides agencies with "detailed instructions for managing their records and provides for various sorts of civil relief to individuals aggrieved by failures on the Government's part to comply with the requirements" of the Act.

4
5

*Rouse v. U.S. Dep't of State*, 567 F.3d 408, 413 (9th Cir. 2009) (quoting *Doe v. Chao*, 540 U.S. 614, 618 (2004)).

6
7
8
9
10

Unfortunately, the private right of civil action created by the Privacy Act is specifically limited to actions against agencies of the United States government. The civil remedy provisions of this federal statute does not apply against private individuals or private entities like the Defendants here. *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999). Thus, the court must dismiss any claims the Plaintiff brings under the Privacy Act with prejudice.

11
12
13
14
15

Based on the above analysis, the court hereby grants the Defendants' Motions to Dismiss under Rule 12(b)(1) and (b)(6). Additionally, the court dismisses with prejudice any claim brought under the International Covenant on Civil and Political Rights, the American Convention on Human Rights, the Personal Data Privacy and Security Act of 2009, HIPAA, and the Privacy Act.

16
17
18
19
20

Having dismissed the Complaint and a majority of the Plaintiff's claims with prejudice, the court must next determine whether the Plaintiff should be given leave to file an amended complaint. Generally, if a court dismisses a *pro se* complaint it should "grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

21
22
23
24
25

At this preliminary stage of the proceedings, the court cannot find that dismissal without leave to amend is warranted. With regard to the ADA claim asserted by the Plaintiff, it is not clear that amendment would be futile, and the court has not dismissed such claim with prejudice. The court is cognizant that *pro se* litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

26
27
28

Additionally, while slander claims are generally not actionable as federal causes of action, *see Hernandez v. Johnson*, 833 F.2d 1316, 1319 (9th Cir. 1987) and *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981), such a claim *may* be viable if the Plaintiff asserts that this court has

1 diversity jurisdiction. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must

2 be diverse from each defendant, and the amount in controversy must exceed $75,000.

3 Accordingly, the court grants the Plaintiff leave to file an amended complaint except as to

4 those claims that the court has dismissed with prejudice since the court finds that amendment as to

5 those causes of action is futile. If the Plaintiff chooses to file a second amended complaint, the

6 Plaintiff must write *short, plain statements* telling the court (1) what is the basis for this court's

7 jurisdiction, (2) what *specific* constitutional right or statutory right Plaintiff believes was violated,

8 (3) the name of the individual or entity who violated that right, (4) exactly what that defendant did

9 or failed to do, (5) how the defendant's action or inaction is connected to the violation of the

10 Plaintiff's right(s), and (6) what specific injury did the Plaintiff suffer because of the defendant's

11 action or inaction. The Plaintiff must clearly designate on the face of the document that it is the

12 "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety and may

13 not incorporate any part of the Complaint by reference. The Plaintiff may include only one claim

14 per count. Any cause of action not raised in the amended complaint is waived. Finally, the court

15 gives the Plaintiff 30 days from the filing of this Order to file the amended complaint. The court

16 warns the Plaintiff that failure to file the amended complaint by the deadline may result in the

17 dismissal of the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

18 **4.     Plaintiff's Remaining Motions and Requests**

19 Finally, the court will address the Plaintiff's remaining motions filed on March 11, 2020, and

20 the requests set forth in attachments to his Complaint.

21 The Plaintiff's "Motion to Remedy Procedural Violations" appears to assert that the Plaintiff

22 did not receive copies of the Defendants' Motions to Dismiss until February 28, 2020. *See* ECF

23 No. 25. The Plaintiff claims he had to print the documents when notified by email from the "court

24 registry office" and thereafter filed a change of mailing address. *Id.* and Not. Change Address, ECF

25 No. 23. The Plaintiff asks the court to impose penalties against the Defendants and ensure that he

26 receives all documents in the future.

27 The court declines to impose sanctions against the Defendants as requested. The certificates

28 of service filed by PDN and KUAM indicate that their documents were correctly addressed and sent

1  to the previous address the Plaintiff provided to the court. The court also notes that the Plaintiff now

2  receives electronic service of all documents filed in this case, so there is no need for the Defendants

3  to separately mail hard copies of the filings to the Plaintiff's mailing address. The court reminds the

4  Plaintiff that he "bears the burden of keeping the court apprised of any changes in his mailing

5  address." *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir.1988); *see also Soliman v. Johanns*, 412

6  F.3d 920, 922 (8th Cir.2005) ("[A] litigant who invokes the processes of the federal courts is

7  responsible for maintaining communication with the court during the pendency of his lawsuit.").

8  If the Plaintiff's address changes again, he must promptly file notice of his new address with this

9  court. Failure to provide the court with his current address may result in dismissal of this action.

10 *See Carey*, 856 F.2d at 1441 (upholding sanction in form of dismissal of action for pro se plaintiff's

11 failure to prosecute where notice of dismissal was returned as undeliverable). The Plaintiff's Motion

12 to Remedy Procedural Violations is hereby denied.

13      The Plaintiff also filed a "Motion on Bringing the Defendant to Responsibility for False

14 Testimony." *See* ECF No. 26. Said motion asks the court to hold counsel for KUAM "accountable

15 for giving false evidence arguments" in her filings. The court realizes that the *pro se* Plaintiff is not

16 fluent in English, but the motion as written is nonsensical. The Plaintiff does not clearly identify

17 what, if any, fraudulent misrepresentation of fact or law was made by KUAM's counsel to the court.

18 Accordingly, the court denies said motion.

19      As noted above, attached to the Complaint is a "Petition About judicial translation

20 application," Compl. at 31, ECF No. 1, which asks the court to translate the materials he attached

21 to his Complaint into the English language, to provide him with a Russian translator at trial, and to

22 charge the legal costs to the Defendants. It is the Plaintiff's responsibility, not the court's, to

23 translate documents filed with the Complaint – and any other documents submitted to the court for

24 filing – into the English language. The court is only required to provide interpretation services in

25 criminal and civil actions initiated by the United States. *See* 28 U.S.C. §§ 1827-28. This is a civil

26 action initiated by a private litigant, and accordingly the Plaintiff's request for a translator or

27 interpreter is denied. The Plaintiff is responsible for the cost of any translator or interpreter services

28 he requires.

1    Lastly, the Complaint also contains a "Petition About securing a claim," Compl. at 32, ECF

2   No. 1, which appears to request the court to prohibit the publication of any information contained

3   in his Complaint.  The Plaintiff is likely unfamiliar with the American legal system, where there is

4   a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*,

5   435 U.S. 589, 597 (1978).  "A party seeking to seal a judicial record . . . bears the burden of . . .

6   meeting the 'compelling reasons' standard." *Kamakana v. City & County of Honolulu*, 447 F.3d

7   1172, 1178 (9th Cir 2006).  This standard derives from the common law right "to inspect and copy

8   public records and documents, including judicial records and documents." *Id.* (citation and internal

9   quotation marks omitted).  To limit this common law right of access, a party seeking to seal judicial

10  records must show that "compelling reasons supported by specific factual findings . . . outweigh the

11  general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal

12  quotation marks and citations omitted).

13    The motion alleges the Plaintiff has been "harassed" by individuals "who have read false and

14  unscrupulous publications" about the Kamalen Karidat Action.  Even if this assertion was true, this

15  does not constitute a "compelling reason" to justify the sealing of the records herein. The Plaintiff

16  has failed to meet the standard required for sealing court records, so the court must deny his request

17  at this time.

18                                    **CONCLUSION**

19    Based on the above discussion, the court rules as following on the pending motions:

20    •  Plaintiff's Motion to Disqualify Counsel (ECF No. 24) - the court DENIES this motion

21       because the Plaintiff's failed to meet his heavy burden of proving that disqualification

22       of opposing counsel is warranted;

23    •  KUAM's Request for Judicial Notice (ECF No. 17) - the court GRANTS this request;

24    •   Defendants' Motions to Dismiss Complaint (ECF Nos. 9, 13 and 32) - the court

25       GRANTS the motions and grants the Plaintiff an opportunity to file an amended

26       complaint no later than 30 days from the filing of this Order.  However, the claims

27       asserted under the International Covenant on Civil and Political Rights, the American

28       Convention on Human Rights, the Personal Data Privacy and Security Act of 2009,

1   HIPAA, and the Privacy Act are dismissed with prejudice and may not be reasserted;.

2   • Plaintiff's Motion to Remedy Procedural Violations (ECF No. 25) -the court DENIES

3   this motion; and

4   • Plaintiff's Motion on Bringing the Defendant to Responsibility for False Testimony (ECF

5   No. 26) - the court DENIES this motion.

6   IT IS SO ORDERED.



/s/ **Frances M. Tydingco-Gatewood**
     **Chief Judge**
**Dated: Sep 30, 2020**