**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| FEDOR SIMANOV, | CIVIL CASE NO. 19-00147 |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 41, 43, AND 44)** |
| vs. | |
| PRESS AGENCIES; GUAM PDN, KUAM, PNC GUAM, | |
| Defendants. | |

This matter is before the court on Defendants' motions to dismiss Plaintiff's amended complaint and several other filings and declarations filed by Plaintiff in support of his amended complaint. ECF Nos. 37, 38, 39, and 40. Having reviewed the record, the court finds oral argument unnecessary to determine this issue. For the reasons that follow, the court will dismiss Plaintiff's amended complaint without leave to amend.

I.    **Procedural and Factual Background**

Plaintiff, as a pro se litigant, sued several Guam news agencies after they published several news articles regarding Plaintiff's involvement in *Fedor Simanov v. Kamalen Karidat*, Civil Case No. 19-00143. ECF No. 1. The court dismissed Plaintiff's complaint but gave leave for Plaintiff to file an amended complaint. ECF No. 35. On October 21, 2020, Plaintiff filed his amended complaint, along with several filings in support. ECF Nos. 37, 38, 39, 40.

1    Defendants have now filed three motions to dismiss the amended complaint and its

2    associated filings. ECF Nos. 41, 43, and 44. Defendants argue that the amended complaint does

3    not provide sufficient details about the underlying cause of action fails such that it fails to state

4    a claim upon which relief can be granted.

5    **II.    Legal Standard**

6    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim

7    to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell*

8    *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are

9    insufficient. *Twombly*, 550 U.S. at 555. However, as a pro se litigant, Plaintiff's filings "must

10   be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

11   *Pardus*, 551 U.S. 89, 94 (2007).

12   **III.    Analysis**

13   Here, Plaintiff's amended complaint suffers from a multitude of deficiencies. First, there

14   are issues regarding subject matter jurisdiction. Plaintiff alleges a "[d]ifference of citizenship"

15   but does not allege the citizenship of any of the parties, including his own. Furthermore, while

16   the amended complaint cites to several federal statutes, none of them generate federal question

17   jurisdiction. For example, the amended complaint cites 42 U.S.C. § 1983, the First and

18   Fourteenth Amendments to the Constitution, and 18 U.S.C. § 242, all of which depend on the

19   presence of state action. But each of the named Defendants in the amended complaint are

20   private news organizations. Furthermore, neither 34 U.S.C. § 30501 or 28 U.S.C. § 4101 create

21   a private cause of action and are especially inapplicable to the scarce details that Plaintiff has

22   provided about the nature of his action.

23   That issue leads into the more telling problem with Plaintiff's amended complaint.

24   Simply put, there are not any facts alleged from which Defendants could extrapolate a plausible

3 of 4

1  claim. The amended complaint does not provide even a semi-comprehensible narrative of what

2  lead to Plaintiff's alleged injuries or how Defendants caused them. In the attached declarations

3  and memoranda, it appears that Plaintiff includes several lines of text from these publications,

4  and then summarily concludes these portions misquoted him, falsely portrayed him, incited the

5  public against him, discriminated against him based on his race and ethnicity, and shared

6  private information about him. Unfortunately, none of the filings explain how Defendants'

7  publications did any of these things, nor how it harmed him in such a way that it would be a

8  cognizable injury sufficient for a lawsuit.

9       In short, the amended complaint does not provide any details as to what false

10  information was published, how it harmed Plaintiff, or how any cognizable injury was caused

11  by Defendants for purposes of a lawsuit. Detailed factual allegations are not required, but

12  "unadorned, the defendant-unlawfully-harmed me accusation[s]," such as the ones present in

13  this case, do not meet the requisite pleading standard. *Iqbal*, 556 U.S. at 678. If the court were

14  to deny Defendants' motions to dismiss, the court would be inappropriately adding factual

15  allegations or making unsupported inferences from the scant facts that are alleged.

16  Consequently, the court concludes that Plaintiff's amended complaint fails to state a claim upon

17  which relief can be granted.

18  **IV.  Leave to Amend**

19       When dismissing a complaint, a court should normally grant leave to amend "unless it

20  determines that the pleading could not possibly be cured by the allegations of other facts."

21  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *see also Chappel v. Lab. Corp. of Am.*,

22  232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave

23  to amend when amendment would be futile [.]").

24

1    Here, leave to amend would be futile, and thus the court will not give Plaintiff leave to

2  amend. The procedural history of this case indicates that the thrust of Plaintiff's claim is not

3  unlike a claim for libel or defamation. However, Plaintiff has failed to describe how

4  Defendants' news reporting harmed him. Plaintiff's mere dissatisfaction with the quality or

5  completeness of a media defendant's reportage, without more, does not support a defamation or

6  libel claim. *See White v. Fraternal Order of Police*, 707 F.Supp. 579, 594 (D.D.C. 1989), *aff'd*,

7  909 F.2d 512 (D.C. Cir. 1990); *Herring Networks, Inc. v. Maddow*, 445 F. Supp. 3d 1042, 1052

8  (S.D. Cal. 2020); *Pittman v. Gannett River States Pub. Corp.*, 836 F. Supp. 377 (S.D. Miss.

9  1993). Plaintiff has also had two opportunities to explain how the allegations create a

10  cognizable injury but has twice failed to do so despite the court ordering him to do so.[1] As

11  amendment would be futile, the court will not permit Plaintiff to file another amended

12  complaint.

13  **V.    Conclusion**

14    For the foregoing reasons, Plaintiff's amended complaints and associated filings are

15  **DISMISSED WITH PREJUDICE,** without leave to amend. The Clerk of Court is ordered to

16  enter judgment on behalf of Defendants.

17    **SO ORDERED.**

18

19      **/s/ Frances M. Tydingco-Gatewood**
                **Chief Judge**

20                **Dated: Sep 02, 2021**

21

22  ───────────────
[1] "If the Plaintiff chooses to file a second amended complaint, the Plaintiff must write short, plain statements telling
the court (1) what is the basis for this court's jurisdiction, (2) what specific constitutional right or statutory right

23  Plaintiff believes was violated, (3) the name of the individual or entity who violated that right, (4) exactly what that
defendant did or failed to do, (5) how the defendant's action or inaction is connected to the violation of the

24  Plaintiff's right(s), and (6) what specific injury did the Plaintiff suffer because of the defendant's action or inaction."
ECF No. 35 at 11.